### WILLIAM H. KELLETT v. CALLIE R. KELLETT.

Motion No. 808. For rehearing of Application No. 2767. Decided December 6, 1900.

**Jurisdiction of Supreme Court—Divorce.**

Where on appeal a decree of divorce is affirmed, but the judgment below as to the disposition of the property is reversed and remanded, appellee can not show jurisdiction in the Supreme Court on the ground that the judgment of reversal practically settles the rights of property, for this is a part of the divorce case over which the judgment of the Court of Civil Appeals is final. Rev. Stats., art. 996. (P. 208.)

MOTION for rehearing of an application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*A. C. Prendergast* and *L. W. Campbell*, for applicant.—We submit that this case before this court can in no sense be regarded as a divorce case. The question of divorce has been finally settled and determined as a distinct and separate question and case. It has passed into history. The other questions, or case, is not dependent upon or necessarily connected therewith.

In the case of Ryan v. Ryan, 61 Texas, 474, this court says: "Under our system of marital law as regulated by the Constitution and statutes and as expounded from time to time by this court, the wife can, in a proper case, for the protection of her separate rights, maintain a suit

in her own name against her husband." Again, on page 476, in the same case, this court says: "Under the liberal provisions of our Constitution and laws for the protection and preservation of the separate property and rights of married women, we are of opinion that the wife can maintain in her own name her action in the case under consideration. We also believe that she would be entitled, in a proper case, to the benefit of writs of attachment, sequestration, injunction, or any like writ to which any other creditor would be entitled in order to protect and preserve her rights." The court in this case reviews other cases decided by this court and the courts of several other States, and we take it that there is no question whatever but that the wife can, at any time, sue her husband to maintain her property rights in her separate property or even in her community property the same as any other person can do.

This court, in the recent case of Woeltz v. Woeltz, 93 Texas, 552, says: "The judgment consists of distinct parts. The controversy between the plaintiff and O'Brien was distinct from that about the divorce and its incidents between plaintiff and her husband. The first mentioned controversy might have been made the subject of another suit which could have been disposed of without effect upon anything involved in the divorce suit, and the fact that both controversies are embraced and disposed of in the same action does not make them one, or so connect them that appellate proceedings must involve the whole judgment. We think it clear, under the practice in this State, that either party to the judgment between plaintiff and O'Brien could have prosecuted appeal or error from it without carrying up the judgment disposing of the action for divorce and for partition." This case is very analogous to the case at bar and is entirely applicable to it, and we think decisive of it, to the effect that because each party in this case sought a divorce against the other it is not a divorce case in the sense that this court is prohibited from taking jurisdiction of the questions that are before the court as to the property in controversy herein. Again, in the case of Cox v. Finks, 91 Texas, 320, this court, in determining what was a boundary case, says: "It seems to us that the decision of the question whether a suit is or is not one of boundary merely, depends upon the answer to the further question: If there had been no question of boundary, would there have been any case? If so, it is not a boundary case; if not, it is a case of boundary, pure and simple. In other words, the whole litigation must grow out of a question of boundary." And in the same case, in reviewing the case of Schley v. Blum, 85 Texas, 551, on the same subject: "That the right of the case must depend upon a question of boundary; and we think we may here add to that holding by saying that the right of the whole case must so depend."

The application of these cases and what this court holds with respect to the question of boundary and divorce is too apparent to need any further application thereof to the questions of the case at bar.

GAINES, CHIEF JUSTICE.—At ·a former day of this term, the application for the writ of error in this case was dismissed for want of jurisdiction. The suit was for a divorce and for the determination of the rights of property of the respective parties. The Court of Civil Appeals affirmed the decree of divorce, but reversed the judgment as to · the disposition of the property and remanded the cause for a new trial with respect thereto. In his petition for the writ, the applicant averred that the decision of the Court of Civil Appeals "practically settles the case," and accompanying his motion he has filed an agreement to that effect, signed by counsel for both of the parties. In order to give this court jurisdiction over a remanded cause, the statute requires not only that the applicant shall allege that the judgment of the Court of Civil Appeals "practically settles the case," but that this fact must be shown in the petition for the writ of error. In other words, it must appear from the opinion and judgment of the appellate court that the case and all the issues in the case are in effect determined. Rev. Stats., art. 941. Whether such be the effect of the decision in this case, we need not decide. If the case is practically determined, the fact removes but one difficulty in the way of our assuming jurisdiction.

Among other provisions, article 996 of the Revised Statutes prescribes that "the judgment of the courts of civil appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to wit:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"2. All cases of slander and divorce."

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

The words, "all cases of  \*  \*  \*  divorce," are as comprehensive as language can be made; and if this be a divorce case, our jurisdiction is excluded. That it is such we think there can be no doubt. Though it involves rights of property, it is none the less a divorce case. The action is for a dissolution of the bonds of matrimony existing between the parties. Incidental thereto is the determination of the rights of property held in the name of either or both of them. If the Legislature had desired to except such a case from the rule which excludes our jurisdiction over divorce cases, it seems that they would have said so in plain terms. On the contrary, the use of the word "all" is significant that no exception was intended.

We still think that we are without jurisdiction over the application for the writ of error and accordingly the motion for a rehearing is overruled.

*Overruled.*