**KORN v. KORN et al.**
Motion No. 9127; No. 1052—5256.

Commission of Appeals of Texas, Section B.
June 28, 1930.

For former opinion, see 15 S.W.(2d) 1017.

Fogle & Gentry, of Houston, for plaintiff in error.

King & Wood and H. G. Butts, all of Houston, for defendants in error.

LEDDY, J.

On April 10, 1929, the Supreme Court approved the decision of this commission reversing and remanding this cause for another trial. No motion for rehearing was filed, and the judgment of the Supreme Court became final at the adjournment of the term at which such judgment was rendered.

On April 27, 1930, defendant in error filed a motion asking that the judgment heretofore rendered be modified and amended, so as to leave in force that part of same granting a divorce between plaintiff in error and defendant in error.

The power of the Supreme Court to so modify the judgment is claimed to exist on the ground that the decision of the Court of Civil Appeals [7 S.W.(2d) 177] on the divorce issue was final, and the Supreme Court was without jurisdiction to reverse that portion of the judgment awarding the divorce.

Article 1821, R. S. 1925, provides:

"The judgments of the Courts of Civil Appeals shall be conclusive on the law and facts, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to-wit: * * *

"All cases of divorce."

If this cause is one of divorce within the contemplation of the above statute, defendant in error's motion should be sustained, as the Supreme Court is without jurisdiction in such cases.

■ An action for divorce comes within the above statute even if there is necessarily involved the determination of the rights of property held in the name of either spouse. Kellett v. Kellett, 94 Tex. 206, 59 S. W. 809.

■ This case, however, is not one where the property rights sought to be adjudicated are incidental to or in any way depend upon the granting or denial of a divorce, but is one where the property rights involved are wholly distinct and separate from the issue of divorce, and in no way dependent thereon. The property rights asserted by plaintiff in error were of such a nature that they could have been maintained in a separate and distinct suit where no issue of divorce was involved. Dority v. Dority, 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941; Ryan v. Ryan, 61 Tex. 473.

The mere fact that the suit involving property rights, not in any way dependent upon the issue of divorce, was consolidated with the divorce action, and tried as one suit, did not have the effect to constitute the action one of divorce, in which the decision of the Court of Civil Appeals is final, under article 1821. West Lumber Co. v. Goodrich, 113 Tex. 14, 223 S. W. 183.

Mrs. Korn's cause of action against her husband's son not being in any way dependent upon, incident to, nor growing out of, the action for divorce, was not one of divorce, hence the Supreme Court acquired jurisdiction over the entire cause.

Defendant in error would have been entitled to have had the judgment so modified as to leave undisturbed that part of the judgment granting a divorce had timely motion been made seeking such modification. But, having permitted the judgment to become final by the adjournment of the term at which it was rendered, the Supreme Court is now without jurisdiction to modify same.

We recommend that defendant in error's motion to modify the judgment herein be dismissed.