**LUBBOCK NATIONAL COMPANY, Appellant, v. H. C. GLENN, Receiver, Appellee.**

**No. 8138.**

Court of Civil Appeals of Texas. Austin.
April 3, 1935.

Rehearing Denied May 8, 1935.

R. A. Sowder and Vickers, Campbell & Evans, all of Lubbock, for appellant.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

Appeal is from a judgment for debt against W. A. Bacon, as maker of the notes sued upon, and for foreclosure of deeds of trust liens on lands in Lubbock county, Tex., against Bacon and others. The Lubbock National Company, as grantee of the lands involved, which took same subject to the outstanding debts and liens against same, has alone appealed. The defenses alleged were that the contracts involved were usurious.

While the contention is made that appellant, as purchaser of the lands subject to said debts and liens, is not entitled to set up the defense of usury, not complained of here by the original maker of said notes, the same character of instruments are here involved which we held not to be usurious in Walker v. Temple Trust Company (Tex. Civ. App.) 60 S.W.(2d) 826, affirmed by the

Supreme Court in 80 S.W.(2d) 935. This contention, therefore, becomes immaterial. Upon authority of the Walker Case, therefore, the judgment of the trial court is affirmed.

Affirmed.

**Mary LOYD, Appellant, v. W. C. LOYD, Appellee.**

**No. 9472.**

Court of Civil Appeals of Texas.
San Antonio.
Dec. 12, 1934.

Rehearing Denied May 22, 1935.

Kilday & Howard and Jay Sam Levey, all of San Antonio, for appellant.

Emmett B. Cocke, of San Antonio, for appellee.

PER CURIAM.

This is an appeal from a decree of divorce, in which the judgment of this court is final. Article 1821, R. S. 1925, as amended by the Acts of 1929, 41st Leg., p. 68, c. 33, § 1 (Vernon's Ann. Civ. St. art. 1821); Kellett v. Kellett, 94 Tex. 206, 59 S. W. 809.

In pursuance of the policy of this court, as announced in Associated Indemnity Corporation et al. v. Gatling, 75 S.W.(2d) 294, there being no reversible error in the record, the judgment will be affirmed without written opinion.