STELLA B. BURGUIERES V. JOHN E. FARRELL ET AL.

Application No. 21,556. Decided November 6, 1935.
(87 S. W., 2d Series, 463.)

*Black & Graves,* of Austin, and *Slay & Simon,* of Fort Worth, for plaintiff in error.

*Cantey, Hanger & McMahon, Mark McMahon,* and *Gillis A. Johnson,* all of Fort Worth, and *Greenwood, Moody & Robertson,* of Austin, for defendants in error.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is an application for writ of error from the Court of Civil Appeals for the Second District at Fort Worth, Texas.

It appears from the record before us that on July 8, 1931, Mrs. Burguieres, plaintiff in error here, filed suit in the District Court of Tarrant County, Texas, against John E. Farrell, her then husband, one of the defendants in error here, for a divorce and for division of the community property. Also, on the day the suit was filed, plaintiff in error and John E. Farrell, her then husband, entered into an agreed settlement of their property rights, whereby the husband agreed to pay the wife $750.00 per month for the balance of her natural life, and the wife agreed that all community property should become the separate property of the husband. This agreement contains other provisions, not necessary to mention here.

On August 8, 1931, the above divorce suit was tried in the district court, and the wife granted a divorce from the husband. Also, the agreed property settlement was incorporated in and made a part of the divorce judgment or decree. Four days after this decree of divorce was entered, the wife married a Mr. Burguieres, whose wife she now is.

It further appears that the above decree remained legally unquestioned until the 5th day of July 1933, when Mrs. Burguieres filed this suit in the same court in the form of a bill of review. By this proceeding Mrs. Burguieres does not seek to set aside the former judgment in whole, but only in part. In other words, she only seeks to review that portion of the former judgment which settles the property rights between herself and her former husband. In fact, neither party is in position to seek a review of the former judgment as a whole, because of the subsequent marriage of the wife.

Yount-Lee Oil Company, a private corporation, is made a party to this proceeding, but we do not understand that any property rights of such oil company are put in jeopardy. In this connection, we interpret the petition or bill to merely make the oil company a party to establish Mrs. Burguieres' alleged interest in certain oil properties, including a certain contract between the oil company and Farrell.

This case was finally tried in the district court, and resulted in a judgment denying Mrs. Burguieres any relief. On appeal, the judgment of the district court was affirmed by the Court of Civil Appeals at Fort Worth. Mrs. Burguieres has applied to this Court for a writ of error.

■ Under the above record, it is our opinion that this is a divorce suit within the meaning of Article 1821, R. C. S. of Texas, 1925, as amended, and that, therefore, we have no jurisdiction to allow a writ of error herein. Kellett v. Kellett, 94 Texas, 206, 59 S. W. 809; Celli v. Sanderson (Civil Appeals), 207 S. W., 179.

It is the settled law of this State that the phrase "All cases of divorce" used in Article 1821, supra, refers to all divorce actions, and that a divorce action within the meaning of this statute includes not only the part of the action for dissolution of the bonds of matrimony, but also the part of the action for the determination of the rights of property held in the names of the two spouses, either or both. Kellett v. Kellett, supra.

In the Kellett Case, supra, the opinion of the Court of Civil Appeals, 23 Texas Civ. App., 571, 56 S. W., 766, shows that the wife sued the husband for divorce and for cancellation of two deeds, fully described in the opinion. The husband answered by cross bill, praying for a divorce and denying the allegation of the wife's petition with reference to the two deeds. The cross bill simply prayed for a divorce and for partition of all the property as community. Trial in the district court resulted in a judgment for the husband, both as to the divorce and the property. The wife appealed to the Court of Civil Appeals, but only assigned error as to the part of the district court judgment involving the property. The Court of Civil Appeals affirmed the part of the judgment awarding the husband a divorce, but reversed and remanded the case to again try the property rights. The husband prosecuted writ of error to this Court, and the petition, which we have examined, only presented issues of property rights to this Court. No complaint was made with reference to the judgments of the two lower courts in regard to the part of the judgment dissolving the bonds of matrimony. With such a record before it, this Court held that a divorce case was presented within the meaning of the statute making the jurisdiction of the Court of Civil Appeals final in "All cases of divorce." This holding was made in a case where the portion of the judgment of the district court awarding the husband a divorce was not complained of by either party in either appellate court.

The Celli Case, supra, is by the Court of Civil Appeals, and we merely cite it to show that its history is at least persuasive in support of our holding that this Court is without

jurisdiction in this case. In the Celli Case the wife sued the husband for a divorce, for custody of the two minor children, and for determination of their property rights. The case was tried in the district court, where judgment was entered granting the wife a divorce from the husband, and awarding her the custody of the two children. Also, as in the case at bar, the divorce decree approved and confirmed an agreed settlement of the property rights of the two spouses. After the above judgment had become final, the wife brought a bill of review in the same court to set aside that portion of the original judgment concerning property rights. On the trial of the bill of review, the wife, who had remarried, prevailed, and the former husband appealed. Only property rights were involved in the trial in the district court, and only property rights were involved in the appeal. The Court of Civil Appeals affirmed the judgment of the district court, and the husband prosecuted writ of error to this Court. Thus it is seen that this Court was presented with an application for writ of error in an appeal from a proceeding to review a divorce case by bill of review where only property rights were involved in such bill of review. When this Court acted on the above application, it dismissed the same with the notation on the Application Docket: " Dismissed for want of jurisdiction on authority of Kellett v. Kellett, 94 Texas, 206, 59 S. W., 809." It thus appeals from this notation that the Supreme Court itself dismissed the Celli application, not because it declined to take jurisdiction, but because, in its opinion, it was without jurisdiction,—that is, without potential jurisdiction.

We do not want to be understood as holding that a simple notation on the Writ of Error Application Docket, such as was entered in the Celli Case, will be given the weight of an opinion by this Court. Neither do we hold that such a notation is binding on this Court as a precedent. We simply call attention to the notation in the Celli Case as showing that in that case the application was dismissed on the ruling that the Court as it then existed was of the opinion that it was without jurisdiction under the ruling in the Kellett Case. Simply stated, we regard the notation in the Celli Case as very persuasive.

In the case at bar the original action was clearly a divorce case. Had an appeal been taken therefrom, as to the divorce itself, or the judgment as to the property, either or both, the Court of Civil Appeals would have been the court of last resort. Kellett v. Kellett, supra. The present action is a

bill of review to set aside the original judgment only as to the property portion thereof, and retry that matter. Clearly, under such a record, we still have a case of divorce within the meaning of the statute making the judgments of the courts of civil appeals final in "All cases of divorce."

■ It is true that, technically speaking, this case is an original proceeding in equity for relief against a legal judgment. Overton v. Blum, 50 Texas, 417. At the same time, where an action is to set aside a judgment rendered at a former term of court, it is necessary that the bill plead, and the evidence establish, facts sufficient to show two things: (a) that the petitioner had a good cause of action in the first place, and (b) that he was prevented from showing such cause of action by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. Smith v. Ferrell (Comm. of Appls. opinion approved), 44 S. W. (2d) 962. In spite of the fact that this case is, technically speaking, a proceeding in equity for relief against a legal judgment, still it is to all intents and purposes the same action as originally, as regards the effort to retry the property rights. In this connection, we hold that the trial of property rights, in a proceeding by a bill of review to set aside a divorce judgment as to property alone, and retry that issue,—if it should be allowed at all, a question we do not pass on,—must be ruled by the law governing the determination of property rights in divorce actions.

We do not think that the fact that the Yount-Lee Oil Company was made a party to this proceeding prevents this case from being a divorce action, as presented to us. The case as involving this oil company is fully stated in the various opinions of the Court of Civil Appeals. In the interest of brevity we will not attempt to detail it here. It is sufficient to say that, as we interpret the bill, it does not attempt to jeopardize the rights of the oil company, but merely to establish the wife's alleged community interest in certain contracts held by it. Such a record makes the oil company a party in the nature of a stake holder, and would not bring this suit within the rule announced by Judge Leddy in Korn v. Korn (Comm. of Appls.), 29 S. W. (2d) 1075. In the Korn Case the property rights sought to be adjudicated were not incidental to or in any way dependent upon the granting or denial of a divorce, but were of such a nature that they could have been adjudicated in a suit where no issue of divorce was involved. Not so in

the case at bar: The right to establish a community interest in the contract with the oil company is absolutely dependent on the outcome of the action to set aside a part or portion of this divorce decree, and retry the property issues of the divorce case.

The application for writ of error prayed for by Mrs. Burguieres is dismissed, because this Court is without potential jurisdiction to grant it.

Opinion delivered November 6, 1935.