**SCHNAUTZ v. STELFOX et al.**

No. 9928.

Court of Civil Appeals of Texas.   Austin.
Dec. 20, 1950.

Rehearing Denied Jan. 10, 1951.

W. J. Hodge, Sidney Purser, David L. Tisinger, all of Austin, for appellant.

**474**

Critz, Kuykendall, Bauknight & Stevenson, and F. L. Kuykendall, all of Austin, for appellee.

ARCHER, Chief Justice.

This is a suit instituted by appellee Margaret L. Stelfox, joined pro forma by her husband, J. H. Stelfox, against Roy L. Schnautz in the nature of a bill of review. The appellee is the former wife of appellant, Roy L. Schnautz. Appellee sued appellant for divorce on January 4, 1947, and a divorce decree was entered on March 20, 1947, granting a divorce and approving a property settlement. By her petition the appellee alleged as a basis for her bill of review that two pieces of real estate in Austin, which were allegedly a part of the community estate of the parties, were not partitioned and were not taken into consideration in the partition proceedings which led up to the final judgment in the divorce action. Appellee claims that the reason such properties were not taken into consideration was that appellant falsely represented that he had previously transferred and conveyed these properties to other parties.

In her petition filed below appellee pleaded that she relied upon the representations made by appellant and accepted the property settlement on the faith of such reliance,—that is, on the faith of the proposition that the two pieces of real estate had been conveyed away by appellant prior to the divorce suit. She further pleaded below that such conveyances, if any, were a part of a plan and scheme to deprive her of her rights in and to the property, and were not bona fide.

Appellant pleaded below that the two pieces of real estate were considered by the parties as subjects of the first litigation, and the bona fides of the conveyances were actually litigated in the first trial.

The trial court granted a bill of review and awarded judgment in favor of appellee against appellant in the sum of $17,000.

Appellee also sought in the action below to charge appellant with liability for approximately $4,000 in income taxes levied against appellee after the divorce. The principal basis of this part of her petition for a bill of review was that such taxes had been levied on account of income earned during the marriage of the parties. The trial court held that nothing in the divorce judgment, expressly or impliedly, obligated appellant to pay such taxes, and denied this part of appellee's action. There was no appeal from that ruling, and it is not an issue in this case.

The appeal is based on 15 points assigned as error by the trial court, but since the appellant states in his brief that, "the question before this court on appeal is simply whether the trial court erred in requiring appellant to account to appellee for the value of two pieces of real estate"; and further, since the appellee in her brief says that she agrees with appellant's statement, we can therefore determine this case on that prime issue.

On January 4, 1947, Margaret Schnautz filed a suit for divorce against Roy L. Schnautz and said cause came on for trial on March 20, 1947, on which date judgment was entered by the 98th District Court of Travis County, Texas, in cause No. 76,722, dissolving the bonds of matrimony, and the plaintiff agreed to accept as her interest in the community estate the sum of $17,000, of which $12,000 was paid in cash and the balance of $5,000 evidenced by a note, together with certain enumerated personal property, and agreed that the defendant should be the owner in fee simple of all other properties belonging to the community estate.

The settlement was approved by the court.

In her petition for bill of review the appellee, now Mrs. J. H. Stelfox, recited the filing of the divorce and the property settlement which is set out hereinabove, and further pleaded: "4. Plaintiff further alleges that while her cause of action against the defendant was pending and while they were negotiating for a property settlement the defendant represented that he had transferred and conveyed to his brother, Cecil Schnautz, lots 22, 23, 24 and 25 of Arboles Terrace, * * * in the City of Austin, Texas; that the plaintiff relied upon the representations so made by the defendant and in agreeing to a settlement

accepted as true such representations, and such property was not taken into consideration in arriving at a settlement. Plaintiff alleges that such representations were not true, but were false and were fraudulently made for the purpose of defrauding plaintiff of her rights in and to said property. Plaintiff alleges that if any conveyance was made by the defendant, Roy L. Schnautz, to his brother, Cecil Schnautz, same was not bona fide, but was a plan and scheme to deprive plaintiff of her rights in and to said property; that after the divorce decree or judgment was entered on March 20, 1947, the defendant assumed full control and management of said property, and afterwards on May 1, 1947, executed a deed conveying said property to Frank Spiller, which deed is recorded in Vol. 850, page 47, Deed Records of Travis County, Texas, the purchase price being $38,000."

In paragraph 5 a similar pleading was made concerning the east one-half of lots 11 and 12, Block 1, of Pressler Subdivision, located at 1407 W. 5th Street, Austin, Texas, and the alleged sale to H. C. Perkins; and in paragraph 6 pleaded: "Plaintiff further alleges that the property described in paragraphs numbered 4 and 5 above, at the time plaintiff was divorced from defendant, and at the time the separation agreement was made, had a reasonable market value of $50,000; that at the time plaintiff and defendant had their separation agreement they owed the Austin National Bank, Austin, Texas, the sum of $10,000, evidenced by a note secured by a deed of trust covering the property described in paragraph numbered 4; that in arriving at a fair, just and reasonable settlement of the property rights of plaintiff and defendant the properties described in paragraphs 4 and 5 were not taken into consideration, when in truth and in fact such properties did belong to the community estate of plaintiff and defendant; that said properties had a net value of $40,000 and plaintiff, by virtue of having relied upon the representations made by defendant that said properties had been transferred and conveyed, was deprived and defrauded out of one-half, being $20,000. In this connection, plaintiff alleges that the partition of the community property as above agreed upon was fair, just and reasonable in so far as the community estate of plaintiff and defendant was concerned, except as to the properties described in paragraphs numbered 4 and 5 hereof; that because of the misrepresentations made by the defendant which were relied upon by plaintiff in making said property settlement, which representations plaintiff alleges were made for the fraudulent purpose of depriving plaintiff of her rights and interests in and to said property, this cause should be reopened in so far as it applied to the division and partition of the community estate of plaintiff and defendant and plaintiff is entitled to a judgment against the defendant for at least one-half of the value of the property defendant had represented to plaintiff that he had transferred and conveyed to Cecil Schnautz and H. C. Perkins."

Further allegation was made as to certain income tax reports and amounts of taxes, but relief was denied, and no appeal was taken from that ruling and therefore it is not an issue in this case.

The appellee alleged in paragraph 19: "Plaintiff alleges that by reason of the facts hereinabove alleged, and by reason of the false and fraudulent acts and representations committed against and made to plaintiff by defendant defendant is in law, good conscience and equity estopped from, in any manner denying that it is his obligation to pay all the income taxes and interest and penalties. Further plaintiff says that defendant is estopped to urge the above contract of settlement and order of the court approving the same, as a defense to any and all relief sought by this plaintiff."

In her prayer plaintiff sought a construction of the contract of settlement and for a bill of review as to all of that part of the judgment which approves the contract of property settlement between plaintiff and defendant; that such portion of said judgment be set aside, and that the court retry and readjudicate the property rights, and for such orders to which she may be entitled.

The defendant, Roy L. Schnautz, pleaded by general denial the former judgment in bar, waiver, estoppel, limitation and laches; that all matters and rights had been fully adjudicated by the parties in the former suit.

In her petition for divorce the appellee herein, then plaintiff, after alleging grounds of divorce, and other recitations, alleged ownership of certain community property and described the property hereinbefore set out as in her petition for bill of review, and it is not necessary to describe it again.

In paragraph 6, "plaintiff further alleges that the Deed Records of Travis County, Texas, do not show that any of the above described tracts of land have ever been conveyed by defendant, Roy L. Schnautz, to any other person; that on March 11, 1947, while taking the deposition of the defendant, Roy L. Schnautz, he, the said Roy L. Schnautz, testified that in September 1946, he transferred and conveyed to his brother, Cecil Schnautz, lots twenty-two (22), twenty-three (23), twenty-four (24) and twenty-five (25) of Arboles Terrace, * * * ; that the said Cecil Schnautz did not pay any consideration for such transfer and conveyance and that such conveyance was purely a gift from the defendant, Roy L. Schnautz, to Cecil Schnautz.

"Plaintiff alleges that the conveyance, if any has been made, of the property above described from the defendant, Roy L. Schnautz, to Cecil Schnautz, was not a bona fide conveyance and was a fictitious transaction made for the purpose of defrauding plaintiff and was a plan and scheme to deprive plaintiff of her rights in and to her community interest in said property belonging to plaintiff and the defendant, Roy L. Schnautz; that such conveyance, if actually made, was without any consideration, and was made with the fraudulent view and purpose of defeating the right of plaintiff in and to property acquired by plaintiff and defendant, Roy L. Schnautz, out of the community funds, and that said fictitious, false and fraudulent conveyance should be declared null and void and of no force and effect."

"7. Plaintiff further alleges that on January 16, 1946, L. W. McCaleb and wife conveyed to the plaintiff and defendant, Roy L. Schnautz, the east one-half of lots eleven (11) and twelve (12) * * *, said property being located at 1407 West Fifth Street in Austin, Texas.

"Plaintiff alleges that upon the taking of the depositions of Roy L. Schnautz on March 11, 1947, he testified that in December 1946, he conveyed said property at 1407 West Fifth Street to H. C. Perkins, a professional gambler, in payment of a gambling debt due the said H. C. Perkins by the defendant, Roy L. Schnautz. Plaintiff alleges that said conveyance of the community property of plaintiff and defendant, Roy L. Schnautz, to H. C. Perkins, if such conveyance was made, was without consideration, and, if made, was pursuant to an illegal contract to which this plaintiff was not a party, and of which she had no knowledge, and said conveyance is null, void and invalid and of no force and effect. Plaintiff further says that such conveyance, if made, to H. C. Perkins, was fictitious and fraudulent, and was made for the purpose of attempting to defraud plaintiff of her rights in and to said property, which was the community property of this plaintiff and the defendant, Roy L. Schnautz, and such conveyance, if made by the defendant, Roy L. Schnautz, to the defendant, H. C. Perkins, should be declared null and void and of no force and effect."

The judgment rendered in the divorce suit on March 20, 1947, reads, in part:

"* * * and it appearing to the court that the parties have agreed, subject to the approval of the court, upon a partition of their property rights, and that such agreement was made without collusion and with a full contest between the parties respecting the issues of divorce, and that such agreement is in accordance with the terms of the following order as it respects the property rights, and to the extent of the order respecting property rights, the parties having expressly consented in open court to entry thereof;

"It is, accordingly, ordered, adjudged and decreed that the plaintiff, Margaret

Schnautz, do have and recover judgment of divorce of and from the defendant, * * *.

"It is further ordered, adjudged, and decreed that the plaintiff has no separate property, and that for her interest in the community property she shall receive Twelve Thousand ($12,000.00) Dollars in cash, the china, crystal, silverware, and linens, and the console located at the house formerly occupied by the parties in Austin, Travis County, Texas, together with a promissory note of the defendant, Roy L. Schnautz, payable on or before one year from this date, with interest at the rate of five (5%) per cent per annum in the principal sum of Five Thousand ($5,000.00) Dollars. Such note to be secured by real estate as agreed upon between the parties, such agreement having been consummated by execution and delivery of a note and deed of trust contemporaneously with the entry of this judgment."

Margaret Runnels, formerly Margaret Schnautz, on March 20, 1947, executed a quitclaim deed to the two pieces of property involved in the case and "Together with any and all other property, real, personal or mixed, now in the name of the said Roy L. Schnautz, or which may have been in the name of Roy L. Schnautz, or in my name and the name of Roy L. Schnautz, since September 1942, and situated within the State of Texas, intending hereby to quitclaim any interest, or any right, privilege, power, or immunity in any property, whether real, personal, or mixed, tangible or intangible, ever owned, held, or claimed by my former husband, Roy L. Schnautz, in his own separate right or as the community of him and myself."

The pleadings in the divorce suit as to the ownership, fraudulent conveyance of the property, etc., made by the plaintiff therein, are the same as in the suit for bill of review, and the issues as to the property are the same.

The fraud complained of in both suits is of wrongful acts and false statements made by the defendant.

"Fraud is classified as intrinsic or extrinsic. Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident, or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered." Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 97. Alexander v. Hagedorn, Tex.Sup., 226 S.W.2d 996.

Then, too, since the same pleading in both the divorce suit and the instant suit raised the same issues, we believe that the rule of res judicata applies and that appellee is estopped by the judgment entered in the divorce decree.

As our Supreme Court said in Crouch v. McGaw, supra: "The rule is universally recognized that alleged perjury of a witness upon a trial of a contested issue, to which the opposing party had the opportunity to refute, will not furnish a basis for setting aside the judgment on bill of review. * * * It is the policy of the law to give finality to judgments of the courts. To do otherwise would add much uncertainty and confusion. The reason for this rule is quite obvious * * * 'That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases.'"

The only representation that appellant made as to what constituted the community property of the parties was the state-

ment in an inventory filed in the divorce case and his testimony.

 The appellee was represented by able counsel in the divorce suit, the same counsel that represent her in the present suit, and she was fully advised as to her rights and privileges. She was the plaintiff in the divorce case and was not compelled to accept the property settlement, which was advised against by her attorneys. We, therefore, see that the appellee was not imposed on in the original property settlement but chose to accept it, after being fully advised by her attorneys, and she cannot now relitigate the same issues which have already been litigated by the same parties.

Appellee testified that she wanted a divorce and entered into the settlement to get through with it. She cannot relitigate a question of fraud which has already been litigated. Elder v. Byrd-Frost, Tex.Civ. App., 110 S.W.2d 172; 25 Tex.Jur. 606.

In Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111, 112 (Writ Ref.), it was stated: "There would be no finality to judgments if they could be set aside at subsequent terms upon an allegation that perjured testimony was given at the trial. Where there is a conflict of evidence it can always be contended that there was perjured testimony. O'Meara v. O'Meara, Tex.Civ.App., 181 S.W.2d 891."

 The fact that the court entered an agreed judgment does not lessen the dignity of the judgment than it otherwise would have had insofar as the property rights were concerned. Kulow v. Farmers Royalty Holding Co. et al., 144 Tex. 312, 190 S.W.2d 60; Adams v. Adams, Tex.Civ. App., 214 S.W.2d 856.

We have given careful consideration to the cases cited by appellee, and recognize the fiduciary relationship of a husband and wife, but in two of these cases there was the presence of "deceit or misleading" of the wife. The appellee did not rely on or believe the statements or testimony of appellant. Burguieres v. Farrell, Tex.Civ. App., 85 S.W.2d 952, Id., 126 Tex. 209, 87 S.W.2d 463; O'Meara v. O'Meara, Tex. Civ.App., 181 S.W.2d 891; Glass v. Glass, Tex.Civ.App., 199 S.W.2d 678.

The appellee acquired knowledge of the sale of the property to Spiller before accepting payment of the $5,000 note, the balance of the money due under the divorce settlement.

 In Rosenbaum v. Texas Building &. Mortgage Co., 140 Tex. 325, 167 S.W.2d 506, 508, the court said: "The principle of law applicable to the foregoing facts is well established. It is, in effect, that, if a person who is induced by fraud to enter into a contract continues to receive benefits under the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such manner as to recognize the contract as subsisting and binding, he thereby affirms the contract and waives his right of rescission. An express ratification is not necessary; any act based upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it has the effect of waiving the right of rescission."

The judgment of the trial court will be reversed and judgment here rendered that appellee take nothing by her suit.

Reversed and rendered.