Camille CARTER, Appellant,

v.

Jack B. CARTER et al., Appellees.

No. 10785.

Court of Civil Appeals of Texas.

Austin.

May 25, 1960.

———◆———

Wm. Andress, Jr., Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Daniel R. Rogers, Dallas, for appellees.

GRAY, Justice.

Camille Carter filed suit against her husband, Jack B. Carter, for: divorce; custody of their four minor children; a division of community property; an accounting, and an attorneys' fee. She also prayed for the appointment of an auditor and receiver and for a temporary injunction restraining the husband from coming to her home, threatening her or doing her bodily harm and requiring him to contribute to the support of herself and her children. She alleged that her husband had been and was associated with his five brothers, naming them, in business enterprises and that community funds had been comingled with such businesses to the extent

" * * * that she is unable to determine of what her interests consist, and will be unable to determine unless this Court appoints an auditor and a receiver to take charge of all of the properties of all six brothers, require a full accounting and audit thereof, and a partition of her interest therein and that she has no adequate remedy at law to protect her from such actions of the six brothers."

A temporary injunction as prayed for was issued. The application for appointment of an auditor and receiver was set down for hearing but we are not advised as to what action, if any, was had thereon.

Jack B. Carter filed an inventory and appraisement of the comunity estate and filed his cross action for divorce. The five Carter brothers answered.

A jury trial was had and consistent with the jury's answers to special issues the trial court entered judgment denying the parties a divorce, awarded custody of the four minor children to the mother, ordered Jack B. Carter to pay $50 per week for their support, awarded the wife judgment for an attorneys' fee for the benefit of her attorney, and adjudged the interest of Camille and Jack B. Carter in the business enterprises of the Carter brothers.

Camille Carter alone has appealed and in her brief says:

"By later action upon grounds subsequent to the trial herein, Camille and Jack Carter have been divorced, and the complaints of the action of the trial court and testimony pertinent to the refusal of the divorce have therefore passed out of the appeal."

We are not advised as to any other provisions of the above mentioned judgment. Accordingly we do not know whether the court in pronouncing the above decree of divorce decreed and ordered a division of the estate of the parties as is provided for and directed by Art. 4638, Vernon's Ann. Civ.St. Also we do not know what provisions, if any, that decree made as to the custody of the minor children and their support. Arts. 4639 and 4639a, Vernon's Ann. Civ.St.

Appellant here complains of the judgment in this cause only insofar as it adjudicates community property rights. She does not complain of the judgment denying a divorce and presents no points on that issue and does not complain of the judgment awarding custody of the minor children and ordering payments to be made for their support. In this condition of the appeal and the statement of appellant above quoted that part of the judgment of the trial court denying the divorce must be treated by us as final.

Appellee's counterpoints merely join issue with appellant as to the action of the trial court on questions relating to property rights.

When the trial court denied a divorce to appellant and to her husband, Jack B. Carter, they remained husband and wife, their community property rights remained as fixed by law and the trial court was without authority to otherwise adjust them.

"It is thus plain that, after refusal to grant a divorce, the power of the court to adjust and settle property rights of the husband and wife ended. Any decree attempting so to adjust them, as in this case, was void after refusing the divorce." Burns v. Burns, 59 Tex. Civ.App., 549, 126 S.W. 333, 334.

Kelly v. Gross, Tex.Civ.App., 293 S.W. 325. Pelham v. Sanders, Tex.Civ.App., 290 S.W. 2d 684. Brown v. Brown, Tex.Civ.App., 191 S.W.2d 814.

The above authorities make it clear that when the trial court denied the parties here a divorce he was unauthorized to proceed to adjudicate their community property rights.

The jurisdiction of the trial court in this instance was invoked in the divorce action and the property rights were ancillary to that action. The fact that the Carter brothers were brought into the suit for the purpose of determining property rights of the husband and wife seeking the divorce would not change the action because that was a part of the divorce action itself. Burguieres v. Farrell, 126 Tex. 209, 87 S.W.2d 463. Ex parte Scott, 133 Tex. 1, 123 S.W. 2d 306, 126 S.W.2d 626. Even if it be said that the action against the Carter brothers could have been prosecuted by appellant and her husband separately from the divorce suit such is not the case here because the relief sought against the Carter brothers was purely incidental to and a part of the divorce suit. The facts distinguish the case before us from the case of Korn v. Korn, Tex.Com.App., 15 S.W.2d 1017, and on Motion to Modify Judgment, 29 S.W.2d

1075. There the suit was by the wife against the husband for divorce and against his son to cancel a deed alleged to have been fraudulently made by the husband without her joinder for the purpose of defeating the wife's rights in said property which was alleged to be the homestead. The court, in 29 S.W.2d at page 1076, said:

"Mrs. Korn's cause of action against her husband's son not being in any way dependent upon, incident to, nor growing out of, the action for divorce, was not one of divorce, * * *."

It is our opinion that the orders of the trial court here complained of were entered without lawful authority. Accordingly the judgment of the trial court is set aside and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.