## SIMEON HART v. W. W. MILLS.

| 38  513 |
| 85  608 |

1. The statute fixing the time for the prosecution of writs of error to the Supreme Court within two years of the rendition of judgment, is not a law of limitation.

2. The 43d Section of Article 12 of the Constitution has reference to the time in which civil actions may be commenced in the State courts, and does not apply to matters of practice in the courts relating to actions therein pending.

3. A writ of error is not a new or original suit, but a continuation of the original cause, and the affirmance of a judgment in the Supreme Court recognizes the validity of the judgment from the date of its rendition in the District Court.

ERROR from El Paso. Tried below before the Hon. W. P. Bacon.

This case was formerly before the Supreme Court on writ of error, and is reported in 31 Texas, 304, to which reference is made for a statement of the case.

It was dismissed by the Supreme Court in 1868, and on the eleventh of March, 1872, Hart again sued out writ of error.

*Hancock & West*, for plaintiff in error.—The language of the Constitution is as follows: "The statutes of limitation of civil suits were suspended by the so-called act of secession of the twenty-eighth of January, 1861, and shall be considered as suspended within this State until the acceptance of this Constitution by the United States Congress." (Section 43, Article 12.)

These terms are very broad and sweeping. They are an authoritative announcement by the highest political authority in the State that "the statutes of limitation of civil suits" (not one statute, nor any particular part of any statute, but all statutes of limitation), were, by the act of secession, *ipso facto*, suspended. That act was an act of war, suspending all statutes of limitation, and that

no limitation, of any kind, shall run during the period named.

The views of counsel on this point are much too narrow to embrace the object intended by this provision of the Constitution.

The framers of the Constitution meant to announce, and did announce, that the period of time indicated was a time of war, and that no limitation should be computed for that period. No mention was made of any of the acts of the rebel Legislature suspending statutes of limitation; they were entirely ignored. These latter did not suspend them, but the act of secession—an act of war—suspended all statutes of limitation.

We will not further discuss the question whether the statute fixing the time in which civil actions shall be commenced in the Supreme Court is less a statute of limitation than one fixing the time in which a civil action shall be commenced in the District Court.

In Taylor v. Boyd, 3 Ohio, 354, it is held that "the writ of error is a new and original suit, and not a continuance of the original cause."

And that a proceeding by writ of error is a civil suit, and that the commencement of a suit by writ of error in the Supreme Court is the commencement of a civil suit seems to follow as a matter of course. That Bacon regarded a proceeding by writ of error as a civil suit will appear from the following citation: "Writs of error or false judgment are of a higher nature than all other kinds of civil suits." (3 Bac. Abr., 321.)

When to this we add the fact that the provision concerning the time in which writs of error shall be sued out constitutes the ninth section of our statute of limitation (Pas. Dig., Art. 4616), it would seem to leave no doubt that it has been defined and declared by our Legislature to be a statute of limitation.

The argument of counsel, as to what statutes of limitation were, or were not, suspended by the rebel Legislatures of Texas, is wholly foreign to the matter in hand. They were all suspended during the rebellion, and the clause above referred to of our present State Constitution fixed the day when it commenced and the day when it ceased. During that period all statutes of limitation of civil suits were suspended—regardless of what stay laws were, or were not, passed by the Texas Legislature during the rebellion—during the time fixed by the present Constitution.

*A. J. Hamilton*, for defendant in error.

WALKER, J.—The only question which we have felt called on in this case to consider is that involved in the motion to dismiss the writ of error. The writ was not sued out within the time limited by law for bringing causes to this court from the District Courts by writ of error.

The argument in the case turns upon the question involved and decided in Bender v. Crawford, 33 Texas, 745. It may be well here to remark that the latter case is treated in a note by the Reporter in Story v. Runkle, 32 Texas, 398, as in conflict with the latter case. Whatever may be the conflict between these two cases, we think it is well disposed of in the closing paragraph of the syllabus to Bender v. Crawford, and we again say that that portion of the opinion in Story v. Runkle, which is in conflict with Bender v. Crawford, is *obiter dicta*. In Crawford v. Bender the court meant no more than to interpret the 43d Section of the 12th Article of the Constitution, in its application to the time within which civil suits might be commenced. There are a number of limitations in the probate acts and practice acts which do not

come within the meaning of the Constitution, when it speaks of the statutes of limitation of civil suits. It is true that in a certain sense all these statutes are statutes of limitation within the general meaning of the term; but we have not heretofore held and cannot now hold that these statutes are within the meaning of the Constitution, and the question is not therefore passed upon by the court in Bender v. Crawford. We think the Constitution has reference merely to the time in which civil actions may be commenced in the State courts, and does not apply to matters of practice in the courts touching actions therein pending.

The time given for the prosecution of writs of error to the Supreme Court is regulated by a rule of practice, and we do not think it capable of any other construction, although it may be found in the general statute of limitation. I think it is well remarked, in the brief of the appellee, that the statute fixing the time within which a cause must be taken to the Supreme Court, is no more nor less a statute of limitation than that which prescribes the time within which a record must be filed in this court, or a motion made for a new trial in the District Court, or a suit brought against an administrator or executor on a rejected claim.

The constitutional provision undoubtedly applies to actions which have not yet been prosecuted, and *not* to those pending in the courts.

It is maintained in argument by the appellant's counsel that the prosecution of a writ of error is a new and original suit, and that it is not a continuation of the original cause; and the case of Taylor v. Boyd, 3 Ohio, 354, is referred to as authority in support of this position. This doctrine should not be recognized in the State of Texas, where the affirmance of a judgment in the Supreme Court recognizes the vitality of the judgment from

the date of its rendition in the District Court. The writ
of error in this case not having been sued out within two
years of the rendition of the judgment, must be dis-
missed.

DISMISSED.