In my opinion, the cases of Vaiden v. State, Tex.Civ.App., 52 S.W.2d 378, and McCombs v. State, Tex.Civ.App., 48 S.W. 2d 665, directly support the trial court's conclusion that the facts warranted the conviction.

If these cases are no longer to be followed, my brethren, who have here announced a contrary doctrine, should so state.

If pool halls are to be permitted to operate in this state, the legislature should repeal the existing law. Such is not the province of this court, but I am convinced that the majority opinion has that effect.

Being of the opinion that the facts are sufficient to support the conviction, I respectfully dissent to its reversal.

Mabel PELHAM, Relator,

v.

S. H. SANDERS, District Judge, et al. Respondents.

No. 6897.

Court of Civil Appeals of Texas.

Texarkana.

May 3, 1956.

James R. Strong, Carthage, for relator.

Davis Bailey, Carthage, for respondents.

DAVIS, Justice.

This is an original proceeding for temporary restraining order, writ of prohibition, and writ of mandamus. Mabel Pelham, relator, had filed suit for divorce against George Pelham in the District Court of Panola County in which she sought custody of a minor child born to their marriage, child support, attorney's fee, and a partition and division of the community property of the said Mabel Pelham and George Pelham. This record does not reveal the date the suit was filed, but the case came on for trial on June 18, 1955, during the May term of said court. The term of court was attempted to be extended by order of the court until the conclusion of said trial. On June 29, 1955, according to the judgment entered in said cause, " * * * the

court further proceeded with the trial of said cause *on the issue of divorce only*. At the conclusion of which, after hearing the evidence and statement of counsel, the court was of the opinion and so found, that the plaintiff, Mabel Pelham, was entitled to divorce, * * *." (Emphasis ours.) At such hearing, the court further determined that the temporary custody of the minor child should be awarded to plaintiff, Mabel Pelham, and directed the defendant, George Pelham, to pay $50 per month for the support of said child during said *temporary* custody. No judgment for divorce was entered at that time, " * * * and the court deferred a hearing and *determination of temporary custody and the partition of the property* of the parties *until the next term of court*." (Emphasis ours.)

On October 22, 1955, according to the judgment, the case was " * * * called for trial for further proceedings *at the conclusion of which* the court again extended that term for the completion of said trial * * *." (Emphasis ours.) This was at the September term of said court. On November 4, 1955, another hearing was had and, according to the judgment, " * * * at the conclusion of which the court took said cause under advisement * * *." On the 2nd day of January, 1956, the same being the beginning date of the January, 1956, term of said court, the court heard further testimony and the hearing was continued until the 6th day of January, 1956, at which time the court again heard testimony and appointed Sam LaGrone receiver. The receiver's report was filed, and on the 18th day of January, 1956, according to the judgment, the court concluded the trial of said cause and entered judgment. All hearings after June 29, 1955, were in regard to the custody of the child and the property only. Mabel Pelham was granted a divorce; the care, custody and control of their minor daughter with visitation privilege by defendant; the defendant was ordered to pay $30 per month to Mabel Pelham for the support of said child; and Mabel Pelham was awarded $125 as attorney's fee. Then the following provisions appear in said judgment:

"It is further ordered, adjudged and decreed by the court that the matters above determined and ordered be, and the same are hereby severed from the rights of Mabel Pelham and George Pelham in and to any and all property claimed by the parties to this cause whether the same is claimed as separate property of the respective parties or the community property of the respective parties; and the parties, and each of them, Mabel Pelham and George Pelham, shall have their right under proper pleading in any Court having proper jurisdiction to litigate all property rights they have and claim between each other.

"It is further ordered, adjudged and decreed by the court that Mabel Pelham vacate the house, lands and premises described in the pleadings in this cause and made the subject to controversy between the plaintiff Mabel Pelham and the defendant, George Pelham and give the possession thereof to George Pelham, until such time as the title and right of possession thereto has been established and fixed by the court having jurisdiction thereof, this order being without prejudice to the rights of property of either party."

The foregoing judgment and orders were not signed and entered until March 8, 1956. No notice of appeal is shown in the judgment. The record shows that exceptions were taken and notice of appeal was given in open court at the time the judgment was announced and plaintiff, Mrs. Pelham, filed written exceptions and notice of appeal. On the 13th day of March, 1956, she filed an affidavit of inability to pay costs or to give security therefor and thereby perfected her appeal from the judgment so entered.

On March 22, 1956, on oral motion of counsel for George Pelham, the District Judge, S. H. Sanders, who held the many hearings in the case, personally issued the following instrument:

"The State of Texas
"To The Sheriff Or Any Constable Of Panola County, Texas:

"Whereas, on the 18th day of January, 1956, in the Cause of Mabel Pelham v. George Pelham No. D–560 in the District Court of Panola County, Texas, this court in open court, among other things, ordered that the plaintiff, Mabel Pelham, vacate the house, lands and premises described in the pleading in this cause, and on the 8th day of March, 1956, this cause duly signed and entered said order, decreeing as follows:

"It is further ordered, adjudged and decreed by the court that Mable Pelham vacate the house, lands and premises described in the pleadings in this cause and made the subject of controversy between the plaintiff Mable Pelham and the defendant, George Pelham and give the possession thereof to George Pelham, until such time as the title and right of possession thereto has been established and fixed by the court having jurisdiction thereof, this order being without prejudice to the rights of property of either party; and

"Whereas, notwithstanding the orders of this court on the 18th day of January, 1956, and the above quoted order entered in the minutes of this cause, and the further fact that Mabel Pelham has been delivered a certified copy of the Court's judgment, the above being a part, she has failed and refused to vacate said premises in accordance with the orders of this court, and will continue so to do:

"You are hereby commanded remove the said Mable Pelham from the house, lands and premises involved in this suit, and to cause her to vacate the same forthwith, and you are commanded to place George Pelham in possession thereof until further orders of this court.

"Herein fail not, and make due return of how you have executed this writ.

"Signed this the 22nd day of March, 1956.

"/s/ S. H. Sanders
Judge, 123rd Judicial
District of Texas."

Immediately after the foregoing instrument was issued, plaintiff, Mabel Pelham, requested said judge to fix a supersedeas bond, which he refused to do. The instrument issued by Judge Sanders was placed in the hands of Glenn Hunt, Sheriff of Panola County, with instructions to execute same, and Mabel Pelham as relator, with leave of this Court, filed her petition for temporary restraining order and writ of prohibition to prevent the execution of said instrument, and for the writ of mandamus to compel Judge Sanders to fix a supersedeas bond.

The temporary restraining order was granted by this Court on March 23, 1956, and has been continued by agreement of the parties, and orders of the Court until the 10th day of May, 1956; a hearing having been had on the 10th day of April, 1956, during the continuance of said restraining order.

The petitioner here challenges the right of the respondent, George Pelham, to have any part of the judgment enforced pending the appeal because relator had perfected her appeal from the judgment of the court and is entitled to supersede the judgment severing the property rights of the parties from the divorce case and at the same time attempting to award temporary possession of a part of the same to respondent George Pelham. We will add here that according to a certified copy of the receiver's inventory, the property involved exceeds $6,000 in value.

From a careful examination of the judgment of the District Court, the Statutes and Rules, we have concluded that the judgment is void; the judgment having been entered at the second term of court after the term at which it was tried. Coates v. Garrett, Tex.Civ.App., 283 S.W. 2d 289.

Article 199 (123), Sec. 5, Vernon's R.C. S., provides that there shall be three terms of court in Panola County each year which shall begin on the first Monday in January, May and September of each year, and may continue in session for seven weeks thereafter, or until the business thereof is disposed of.

■ The trial court apparently construed the Article to mean that the terms of said court last only seven weeks, *unless extended by order of the court*. The Supreme Court apparently construes the Statute to mean that the terms of the court in Panola County are continuous. Rule 330, Vernon's Ann.Tex.Rules of Civil Procedure, entitled "Rules of Practice and Procedure in Certain District Courts" governs the practice in counties that have continuous terms of court throughout the year without more than two days intervening between such terms. The counties listed following the Rule as coming under said Rule include Panola County. If the terms of court in Panola County are continuous, "No necessity could arise for the extension of any term of such court," but postponement for hearing of unfinished matter must be heard in accordance with this Rule and to a day certain." Jones v. Campbell, Tex. Civ.App., 188 S.W.2d 679, 683, error ref. We hold that under Article 199 (123) the terms of court in Panola County are continuous and governed by Rule 330 which is commonly referred to as the "Special Practice Act."

■ Respondents take the position that the judge had the right to sever the community property rights of the parties from the divorce action and base their contention upon the provisions of Rule 174(b), V.A.T.R.C.P. Such contention is untenable. In a suit for divorce and partition of community property the part of the divorce suit regarding property is a part of the divorce suit itself and a trial court is not entitled to sever that part of the suit from the divorce action. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626, citing Burguieres v. Farrell, 126 Tex. 209, 87 S.W.2d 463.

■ It was held in Hamilton v. Hamilton, Tex.Civ.App., 269 S.W.2d 491, affirmed, Tex., 280 S.W.2d 588, that the trial court is not authorized, over the objection of any interested party, to split a single

cause of action into two or more parts. In the Scott case, supra, the Supreme Court held that provisions of Article 4638 are mandatory. This article provides that "The court pronouncing a decree of divorce *shall* also decree and order a division of the estate of the parties." (Emphasis ours.) We think the word "shall" as used in this statute is mandatory and has for its very good purpose the prevention of a multiplicity of suits. If such matters should be severed and orders made pertaining to such property and it should subsequently be determined that a divorce should not be granted, then all orders pertaining to the property would be a nullity. The court has no authority to adjudicate property rights unless divorce is granted. Brown v. Brown, Tex.Civ.App., 191 S.W.2d 814, no writ history; Burns v. Burns, 59 Tex. Civ.App. 549, 126 S.W. 333. The trial court having concluded the trial on the issue of divorce at the May term, 1955, of said court, and not being allowed to sever the property rights from the divorce, and no judgment having been entered at either the May term, 1955, or the succeeding September term, 1955; he could not enter judgment at the second succeeding term. Coats v. Garrett, supra. The hearings at subsequent terms on matters that had been illegally severed would not operate to extend his authority into the second succeeding term.

■ The writ issued by the judge of the court is at least out of the ordinary, and at the time leave was granted to file this proceeding we were doubtful of the authority of the judge to issue such writ; but we have concluded that a judge of a district court has such authority by virtue of Sec. 8, Art. 5, Texas Constitution, Vernon's Ann.St., which reads in part as follows:

" * * * and said court and the judges thereof, shall have power to *issue* writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction." (Emphasis ours.)

We find that they are specially given the right to issue writs of attachment by Article 275, R.C.S., and other writs by other statutes. See Hunt Production Co. v. Burrage, Tex.Civ.App., 104 S.W.2d 84, error dism.

Having concluded that the judgment is void, the writ of prohibition prayed for is granted pending a final disposition of this cause. And, as it seems a waste of time and money to require either party to this lawsuit to appeal, or take any further action to get the judgment set aside and the case tried upon its merits in its entirety, we suggest that the trial court, on his own motion, set the judgment aside and proceed to try the case as though no hearing had ever been had. If the trial court declines to do this and the relator is required to perfect her appeal, the only thing this court can do will be to set aside the judgment of the trial court because of its invalidity and dismiss the appeal. This being a fundamental error, the relator would not be required to bring forward a statement of facts to have this issue determined. The judgment being void and writ of prohibition being granted, we can see no necessity for requiring the trial court to fix a supersedeas bond.

Service of the writ herein granted shall be made by the Clerk of this Court by mailing said writ to the attorney of record for the respondents by registered mail with a certified copy of this opinion attached thereto. Rule 21a, T.R.C.P.