**James E. WADE, Appellant,**

v.

**Nan Lee WADE, Appellee.**

No. 13039.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1956.

Kennerly & Lesher, A. C. Lesher, Jr., Houston, L. G. Mathews, Brownsville, for appellant.

Sharpe, Cunningham & Garza, Brownsville, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the 107th District Court of Cameron County, Texas, by Nan Lee Wade against James E. Wade, her former husband, and others seeking to recover her community interest in certain property alleged to have been concealed by her former husband at the time they were divorced by a judgment of the 107th District Court on April 16, 1954. In the decree of divorce plaintiff was awarded the household furniture, a 1953 Buick automobile, and $10,000 to be paid principally in monthly installments of $200 each. In this suit she does not seek to set aside the

property settlement provided for in the decree of divorce, but only to recover her interest in the community property which was not disclosed at the time of the divorce.

The trial was to a jury and the court rendered judgment, based at least in part upon the verdict of the jury, awarding to Nan Lee Wade a $^{20}\!/_{27}$ interest, and to James E. Wade a $^{7}\!/_{27}$ interest, in certain community property, from which judgment James E. Wade has prosecuted this appeal.

The evidence shows that at the time of the divorce appellant and appellee were the owners of three promissory notes, one for the principal sum of $31,500, another for the principal sum of $8,500, and another for the principal sum of $14,000. The court, in keeping with the verdict of the jury, found that these three notes were community property and awarded to the respective parties the interest therein which is above set forth.

The court also found that appellant had collected on these notes, since the divorce, interest amounting to $1,260, and gave appellee judgment for $^{20}\!/_{27}$ of that sum, which amounts to $933.33.

Appellant contends that all of this community property should have been divided one-half to him and one-half to appellee, and that the court erred in giving 20/27 of it to appellee. With this contention we agree.

This suit was not in the nature of a bill of review to set aside the original judgment and readjudicate the property settlement provided for therein. It was nothing more than a suit for appellee's interest in the community property which was concealed from her at the time of the divorce. Appellant admits that he did not divulge to appellee that he was the owner of the three notes, but undertook to justify such conduct by his contention that they were his separate property. On this contention the jury found against him.

■ Art. 4638, Vernon's Ann.Civ.Stats., provides in effect for an unequal division of property between the spouses in a divorce suit, but where a divorce has been granted and an adjudication made dividing the community property and no attempt thereafter made to set aside such decree, in a suit for the interest of the wife in undisclosed community property the provisions of Art. 4638, supra, do not apply, and the suit must be decided as though the parties were joint owners of the property and as though they had never been married.

In Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, 104, the Court said:

"Where a husband and wife, owning community property, are divorced without the court in its decree having made any division of such property in the divorce decree, they become tenants in common in the property or joint owners thereof, just as if they had never been married."

In Kirkwood v. Domnan, 80 Tex. 645, 16 S.W. 428, 429, the Court said:

"It was in the power of the court that decreed the divorce, under the statute, not only to make such a decree with regard to the use of the homestead as would properly protect the wife in its use, but it might also have provided for its protection and use by the minor children of the marriage, subject only to the prohibiting clause that the decree should not have the effect, in form or in substance, of divesting the husband of his title to one-half. We think, however, that the husband's interest in the property can be so charged only in the divorce suit, and as a part of the decree of divorce. It not having been then done, the former husband and wife stood towards each other, after the decree of divorce, as if they had never borne that relation to each other. They then owned the property as tenants in common, and subject to all the rules and regulations

of strangers bearing to each other that relation."

Again, in Novy v. Novy, Tex.Civ.App., 231 S.W.2d 780, 783, the Court said:

"The cause of action alleged by appellant * * * also, seeks a partition of property not before the court and not partitioned by that decree. As to this latter property then appellant and Jim Novy are joint owners or tenants in common thereof in the same manner as if they had never been married."

■ The judgment of the trial court will be reformed so as to give to appellant and appellee each a one-half interest in the three notes and the interest collected thereon, amounting to $1,260, and as thus reformed the judgment will be affirmed.

The cost of this appeal will be taxed one-half to appellant and one-half to appellee.

Reformed and affirmed.