**Alex ANGERSTEIN, Appellant,**

**v.**

**Mrs. Dolly ANGERSTEIN, Appellee.**

**No. 158.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 15, 1965.

Clyde W. Woody, Houston, Charles Tessmer, Dallas, for appellant.

Armond G. Schwartz, Hallettsville, Richard D. Cullen, of Cullen, Mallette, Maddin & Edwards, Victoria, for appellee.

GREEN, Chief Justice.

Appellant Alex Angerstein, defendent below, seeks to appeal to this Court from a judgment of the district court of Victoria County, Texas, granting a divorce to appellee, and allowing recovery of attorney fees. Appellant, on the 63rd day after entry of the judgment, filed a motion with this Court asking for an extension of time in which to file the transcript and statement of facts, accompanying said motion with the transcript duly certified by the district clerk. Thereafter, within the 75-day period from the date of the judgment, amended motion for such extension was filed. We find that this motion shows good cause for delay, and have granted same, extending such time for an additional thirty days from the end of the sixty days period, and have ordered the transcript filed as of the date it was received by our clerk.

A study of the decree entered by the trial court in this cause convinces us that same is not a final, appealable judgment, since it expressly reserves for future order in the same case a ruling on the property issues, and that, acting on our own motion, we should dismiss this appeal. The record shows that appellee sued appellant for divorce, attorney fees, and a determination and partition of community property. On order of the court, appellant filed a sworn inventory evidencing ownership by the parties of a large amount of community property, including valuable real estate, money in banks, and other personal property. The decree of the court, entered January 29, 1965, after granting the divorce as prayed

for and allowing attorney fees, states as follows:

"The Court having further heard evidence concerning the community property and estate acquired by the parties hereto during their marriage but being of the opinion that further evidence is necessary for a just and equitable division thereof, does not now decree a partition: * * *

" * * * The community property of the parties hereto shall remain under its present management and shall not be divided pending further order of this court, however, the defendant herein shall keep an accurate accounting of the use thereof and the proceeds, if any, therefrom insofar as said community property is under his control."

It appears from the language above quoted that the trial court intended in this same cause to hear further evidence on the issues involving the community property, and to render a further order making a just and equitable division thereof under the provisions of Article 4638, Vernon's Ann. Tex.Civ.St. Unless the community property rights are litigated in the divorce suit, Article 4638 is not applicable in subsequent litigation. Wade v. Wade, Tex.Civ.App., 295 S.W.2d 939.

Severance, under Rule 41, Texas Rules of Civil Procedure, is proper only where the suit involves two or more separate and distinct causes of action. Each of the causes into which the action is severed must be such that the same might be tried and determined as if it were the only claim in controversy. A judgment after trial on a severed cause of action is a final, appealable judgment. Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W. 2d 11; Hayes v. Norman, Tex.Civ.App., 383 S.W.2d 477, writ ref., n. r. e. Hall, Severance and Separate Trial in Texas, 36 Tex.Law Review 339. That portion of a divorce suit regarding property rights between the parties is a part of the very di-

vorce suit itself, Burguieres v. Farrell, 126 Tex. 209, 87 S.W.2d 463; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, and can not be severed from the divorce action under Rule 41, T.R.C.P. Pelham v. Sanders, Tex.Civ. App., 290 S.W.2d 684. Article 4638, V.A. T.S., being the statutory provision for judicial division of property in a divorce action, is mandatory, having for its purpose the prevention of a multiplicity of suits. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, 302; Ex parte Scott, supra; Pelham v. Sanders, supra; Speers Marital Rights in Texas, Vol. 3, p. 176.

 A separate trial on one or more of the issues in a suit, as contemplated by Rule 174, T.R.C.P., results in an interlocutory, non-appealable order determining the claims or issues so tried, but there can be only *one* final judgment, to be entered after all claims and issues involved in the suit have been tried. Kansas University Endowment Ass'n v. King, supra; Hall, Severance and Separate Trial in Texas, supra; Rule 301, T.R.C.P. The order entered by the trial court in the instant cause does not dispose of all issues in the case, and is interlocutory, and not a final judgment. Sterett v. Dyer, Tex.Civ.App., 230 S.W.2d 461, writ ref.; Restelle v. Williford, Tex.Civ. App., 364 S.W.2d 444; Fleming v. Fleming, Tex.Civ.App., 203 S.W.2d 989.

 While we do not hold that the issues involving the property rights can not be tried separately from the other issues in the case under the provisions of Rule 174, we do hold that after the trial of all issues raised, either separately or in one trial, the final disposition of all of such issues must be evidenced in one final judgment. Rule 301.

Under our disposition of this appeal, the trial court, in his discretion, need not retry the issues disposed of in his interlocutory decree of January 29, 1965, but may proceed to hear further evidence on the property issues, and thereafter set forth his final judgment in one decree.

Appeal dismissed.