Gloria Joan REED, Relator,

v.

Hon. Eugene C. WILLIAMS et al., Respondents.

No. 15782.

Court of Civil Appeals of Texas, San Antonio.

Dec. 10, 1976.

Peter Torres, Jr., San Antonio, for relator.

Marion T. Carson, James R. Adkins, San Antonio, for respondents.

BARROW, Chief Justice.

This is an original proceeding wherein relator seeks a writ of mandamus to compel the Honorable Eugene C. Williams, acting Judge of the 81st Judicial District Court of Atascosa County, to enter a final judgment in a suit for divorce styled: *In the Matter of the Marriage of Stetson G. Reed and Gloria Joan Reed*, and being Cause No. 6767 in said court. The question presented is whether the trial court was authorized to sever the property division from the divorce action. We hold that the court was not so authorized and grant the relief prayed for by relator.

On April 11, 1975, Stetson G. Reed brought the action for divorce; a jury trial was had commencing on November 10, 1975; and an interlocutory decree of divorce was signed on April 5, 1976. This interlocutory decree granted the divorce, made provision for the parties' two minor children, and then divided most, if not all, of the community estate. On January 20, 1976, Stetson G. Reed filed his petition in the United States District Court seeking voluntary bankruptcy and on March 15 he was adjudged a bankrupt. Relator was not a party to this proceeding. The divorce decree of April 1976 was made interlocutory pending final disposition of the bankruptcy proceeding. On October 15, 1976, the trial court signed what purports to be a final judgment. This judgment does not incorporate the April interlocutory decree insofar as the property division is concerned. Rather, the judgment provides that the property rights of the parties are severed and will be determined after final disposition of the bankruptcy proceedings.

Relator complained of this action and sought to have the trial court enter a final judgment which divided the community estate. The court refused to do so. The harm to relator is obvious. In the absence of a property division, the receiver in bankruptcy is disposing of all community property as assets of the bankrupt husband irrespective of any homestead or exemption rights the wife might have in the property. For example, the April interlocutory decree awarded the wife the family homestead as her separate property. This award was not incorporated in the October judgment and the receiver has advised relator that he intends to sell such property as a part of the bankrupt's estate.

■ Sec. 3.63 of the Texas Family Code provides in part that in a decree of divorce, the court *shall* order a division of the estate of the parties. It is well settled that this statutory provision is mandatory and when the jurisdiction of the divorce court is invoked by the pleadings of either spouse, the court must decree a division of the property. *Hailey v. Hailey*, 160 Tex.

372, 331 S.W.2d 299 (1960); *Ex parte Scott*, 133 Tex. 1, 123 S.W.2d 306 (1939); *Blancas v. Blancas*, 495 S.W.2d 597 (Tex.Civ.App.—Texarkana 1973, no writ). It has been specifically held that this statutory provision prohibits the trial court from severing the property division from the divorce action. *Angerstein v. Angerstein*, 389 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Pelham v. Sanders*, 290 S.W.2d 684 (Tex.Civ.App.—Texarkana 1956, no writ).

■ The trial court erred in severing the property division from the divorce judgment and in refusing to divide the community estate. Accordingly, relator is entitled to the relief sought herein. We have jurisdiction under Art. 1824, Tex.Rev.Civ.Stat. Ann. (1964), to grant a writ of mandamus to compel the trial court to enter a judgment. *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); *Uvalde Rock Asphalt Co. v. Loughridge*, 423 S.W.2d 602 (Tex.Civ. App.—San Antonio 1968, no writ).

We have no doubt that the trial court will promptly grant this relief upon receipt of our judgment. We will therefore not issue a writ of mandamus at this time.