Dorothy Gray HORLOCK, Appellant,

v.

Roy M. HORLOCK et al., Appellees.

No. 17543.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 6, 1979.
Rehearing Denied Jan. 17, 1980.

Robert E. Ballard, W. James Kronzer, Kronzer, Abraham & Watkins, Ragan, Russell & Rorschach, John Russell, Houston, for appellant.

Woodard, Hall & Primm, Bruce S. Powers, Bryan W. Scott, Thomson & Elkins, Karen Arya, Urban & Coolidge, Michael D. Stewart, Houston, for appellees.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is a suit by Dorothy Horlock to have certain properties declared community assets of the marriage of herself and the appellee, Roy M. Horlock. After the divorce proceedings between the Horlocks were completed through appeal to the court of civil appeals and denial of application for writ of error by the Supreme Court, this suit was filed. The trial court considered motions for summary judgment filed by all parties to this appeal, denied appellant's motion and granted appellees' motions. The issue before us is when does a divorce decree become final for the purpose of property acquisition by one of the spouses.

The chronology of events in the divorce proceeding were as follows:

11–4–74  The trial court orally pronounced its granting of divorce, division of property and custody of the minor child.

12–12–74  The trial court signed and entered judgment granting a divorce, dividing the property of the parties and awarding custody of the minor child.

12–30–74  Husband, Roy M. Horlock, acquired title as trustee to property which is subject of this suit.

1–1–75  Husband and Four-M-Properties, Ltd. another appellee, entered into a limited partnership agreement to develop the real property in question.

1–6–75  The trial court signed and entered an amended judgment granting the divorce, dividing the property and awarding custody of the minor child.

1–19–76  The court of civil appeals modified and affirmed the trial court judgment which was appealed by the wife. The modification ordered the husband to reimburse the community for $100,000.00 of community funds used to maintain an investment which was his separate property. In effect he was ordered to pay the wife an additional $50,000.00.

Appellant contends that the divorce judgment was not final until the court of civil appeals issued its mandate, thus any property acquired by the husband prior to that

time was community property. Appellees contend that the judgment was final for the purpose of acquisition of property by one of the spouses as of the date of the pronouncement of the divorce and division of property by the trial court.

The first issue is whether the judgment of December 12, 1974, was superseded by the judgment of January 6, 1975. To make this determination we must look to the changes made. If the changes in the amended judgment have the effect of adding something which was omitted by inadvertence so as to portray the judgment which was actually rendered in the first place, then there is no new judgment but merely a correction of the old one to make it truly reflect what was actually done. *Home Indemnity Company v. Muncy*, 449 S.W.2d 312 (Tex.Civ.App.—Tyler 1950, writ ref'd n. r. e.). The judgment of December 12, 1974, and the amended judgment of January 6, 1975, each consists of eleven pages which divided a multimillion dollar estate. In each a list of 34 items was awarded to the wife and a list 48 items was awarded to the husband. The only changes made in the amended judgment clarified two notes receivable awarded to the wife and also clarified the indebtedness assumed by each party. This does not indicate that the amendment was anything other than adding something that was inadvertently left out of the original judgment. We therefore hold that the amended judgment signed and entered on January 6, 1975 conformed to the oral pronouncement rendered by the court on November 4, 1974.

All the parties to this appeal spent a considerable portion of their briefs discussing the issue of what is the effective date of an appellate court's affirmance of a trial court's judgment. Is it the date of the appellate court's mandate as contended by appellant, or it is the date of the trial court's pronouncement as contended by appellees?

The parties all agree that all the parties and all the issues before the court were disposed of by the January 6, 1975 judgment. That judgment was modified and affirmed by the court of civil appeals. Therefore our question is the effective date of that affirmance. In 1873 the Supreme Court of Texas held that "the affirmance of judgment in the Supreme Court recognizes the validity of the judgment from the date of its rendition in the District Court." *Hart v. Mills*, 38 Tex. 513.

Rendition of a judgment is the pronouncement by the court of its conclusions and decision upon the matters presented to it for adjudication which may be oral as well as written. A judgment is rendered when the decision is officially announced either orally in open court or by memorandum filed with the clerk. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953).

In holding that the effective date of a judgment affirmed on appeal was the date of rendition of the trial court judgment, Chief Justice Tunks, speaking for the 14th Court of Civil Appeals, stated, "Although the parties were prevented from exercising the rights they obtained in the trial court judgment until it was ultimately affirmed, affirmance of that judgment neither altered those rights nor affected their application from the time they were determined." *McWilliams v. McWilliams*, 531 S.W.2d 392 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

The fact that the court of civil appeals modified the trial court judgment to the extent set out above would not alter the effective date of the judgment. By modifying the judgment the court of civil appeals merely made a change which the trial court should have made as of the date the judgment was rendered.

Since the trial court rendered a judgment disposing of all parties and all issues before it on November 4, 1974, and that judgment was affirmed, we hold that property acquired by appellee subsequent to that date was not community property. *Echols v. Austron, Inc.*, 529 S.W.2d 840 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). The disposition of this point also disposes of the remaining point in appellant's brief.

The judgment of the trial court granting summary judgment to all appellees is affirmed.