Betty Jean VAUTRAIN, Appellant,

v.

Lynn Dale VAUTRAIN, Appellee.

No. 2–82–073–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 3, 1983.

Rehearing Denied Feb. 24, 1983.

Law Office of George J. Petrovich, Jr., and George J. Petrovich, Jr., Fort Worth, for appellant.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland, and Warren D. Shipman, III; Debra L. Dillehay, Fort Worth, for appellee.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

The appeal is from a divorce judgment of the District Court which granted a divorce to the parties, named the appellant as managing conservator of one minor child of the parties, and divided the separate and community property of the parties between them. The record in this case is lengthy, at times confusing, and involved a divorce case which took more than a year to finally determine from the time of the original trial of the merits of the divorce until a third final judgment was entered.

The appeal is based on seventeen points of error raised by appellant and for reasons to be shown we affirm in parts, reverse and remand in part, and on other points of error defer a ruling until a partial new trial, here ordered, is held by the trial court to once and for all divide and dispose of all of the community property of the parties herein.

A brief review of the facts and of the various hearings and "Final Judgments" is necessary for the understanding of this opinion.

This divorce suit was filed in March of 1980 and a trial on the merits was held in the District Court from January 20th through January 22, 1981. The trial court took the matters of the divorce, custody, and property division under advisement and on May 29, 1981, orally pronounced his judgment on those issues from the bench. A judgment incorporating that oral ruling was signed on July 6, 1981.

After the appellant filed two motions for new trial, the court on September 17, 1981, signed an order granting a partial new trial. In her second amended motion for new trial, filed September 4, 1981, the appellant moved the court to grant a new trial for the

purpose of considering property matters that were not considered and disposed of in the original trial on the merits in January of 1981. Some of these items included bonuses received by appellee from his employer, E.F. Hutton & Company, Inc., stock options from E.F. Hutton & Company, Inc., and other matters.

The trial court in its order granting a new trial, signed September 17, 1981, stated that the motion would be granted with respect to a division of the 1980 and 1981 bonuses, payable in February 1981, and February 1982, to the appellee from his employer, E.F. Hutton & Company, Inc.; a division of the stock portfolio including E.F. Hutton & Company, Inc.; stock shares and stock options; all employment benefits of the appellee from E.F. Hutton & Company, Inc., including salaries, commissions and his right to draw or receive same at regular intervals or in a lump sum plus any other reimbursements paid to him by E.F. Hutton & Company, Inc.; for the payment of income taxes for the years 1980 and 1981 by either of the parties, including the income tax consequences of the actual final division of the community property assets of the court. It also ordered that the matter of reimbursement to the appellant in the sum of $3,500.00 ordered advanced by her to the respondent for the exercise of 468 shares of E.F. Hutton & Company, Inc. and stock options would be reconsidered on the new trial.

After the partial new trial hearing was held on November 2, 1981, the trial court orally pronounced his decision on that partial new trial on November 19, 1981. On January 14, 1982 another final decree of divorce was signed, incorporating changes and additions to the original divorce judgment of July 6, 1981. At the November second and third 1981 hearing on the partial new trial the court considered only the matters mentioned in his order granting the new trial of September 17, 1981, and refused to consider any community property that may have been acquired, changed, or increased between May 29, 1981 and the November second and third 1981 hearing. The court, in granting and hearing the partial

new trial, held that the judgment of divorce and division of property of May 29, 1981, orally pronounced from the bench, was final and that he would consider at the new trial hearing only the matters mentioned in his September 17, 1981 partial new trial order. The January 14, 1982 "Final Decree of Divorce" increased the child support to $550.00 every two weeks and ordered that respondent would no longer pay country club or gas bills for his minor child. The court in this January 14, 1982 "Final Decree of Divorce" also ordered stricken all matters involving obligations of the parties to the Internal Revenue Service, holding that those were matters between the parties and that no decree by this court concerning the liability of the parties by the Internal Revenue Service would be entered. The petitioner would be ordered to pay her own attorney's fees and costs of court incurred as a result of the hearing on the partial new trial. This "Final Decree of Divorce" of January 14, 1982 also increased the share of cash to be paid to appellant by appellee from his 1980 and 1981 bonuses from his employer, E.F. Hutton & Company, Inc. It also awarded her 776 shares of stock at a value equal to the price "on that stock on May 29, 1981."

On March 31, 1982, the trial court signed still another "Final Decree of Divorce", in which, on its own motion, the court modified its previous decree to eliminate any adjudication of attorney's fees in favor of appellant's third attorney.

The second and third "Final Judgments" also granted injunctive relief against both parties to prevent either of them from harassing or molesting the other and particularly to prevent appellant from harassing appellee with respect to his employment with his employer. This relief had been asked for in pleading filed by the parties following the original divorce decree of July 6, 1981, and prior to the hearing on the partial new trial on November second and third 1981.

Appellant's basic complaint here is that the trial court erred in considering his judg-

ment of July 6, 1981 final as to the matter of divorce of the parties and of the division of their separate and community estates. Appellant argues that by granting a partial new trial the trial court made the original judgment of July 6, 1981 interlocutory, and not a final judgment and that the parties were therefore not finally divorced as of May 29, 1981 when the trial court orally pronounced judgment from the bench. She contends, therefore, that since the divorce was not final, the trial court should have considered and divided community property accruing to the marital estate between the dates of May 29, 1981, the date of the first oral pronouncement of judgment, and November 19, 1981, when the judgment was orally pronounced after the hearing on the partial new trial. We agree with this contention.

■ Appellant's first point of error contends that the trial court erred in failing and refusing to hear testimony of appellant with respect to the matter of fault causing the separation and eventual divorce of these parties. Appellant particularly complains of a remark of the trial court to the effect that "Counsel, I have explained to both of you that this Court no longer takes into consideration how much anguish the parties have caused each other." We do not believe that this comment of the trial court constituted reversible error for the simple reason that the record shows as a matter of fact that the appellee-husband was questioned at length, both on direct examination by his own attorney and on cross examination by appellant's attorney, with respect to his alleged extramarital affairs with other women. As a matter of fact, even though the court did permit this questioning, there was no proof whatever of any misconduct or extramarital activity on the part of appellee. Furthermore, the record reveals that there was no objection made to the remark of the trial court and therefore error if, any error, was waived. *Coleman v. Pacific Employers Insurance Company,* 484 S.W.2d 449 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.)

Moreover, there is no bill of exceptions made with respect to any evidence of fault excluded by the courts which appellant claims harmed her and perhaps affected the division of the parties community estate. Since any testimony in this connection was not preserved in the bill of exceptions, this court cannot presume that it would have established the wife's right to a greater portion of the community property. *Biddle v. National Old Line Insurance Company,* 513 S.W.2d 135 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

■ There is still another reason why there is no error involved even if the court did refuse to hear evidence of fault in this divorce case. Under the Family Code of Texas the court may hear and grant a divorce on either no fault premises or on the question of fault. It is discretionary with the court, once it decides to hear the divorce on the ground of the no fault basis, as to whether or not he shall consider the matter of fault involved in the divorce case. See *Brown v. Brown,* 599 S.W.2d 135 (Tex.Civ. App.—Corpus Christi 1980, no writ); *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981); *Young v. Young,* 609 S.W.2d 758 (Tex.1980). In *Murff,* the Supreme Court of Texas said: "As we said in *Young,* however, 'this does not mean that fault *must* be considered, only that it *may* be considered.'" [Emphasis added by the court.]

For the reasons stated appellant's first point of error is overruled.

■ In her tenth point of error appellant alleges error on the part of the trial court in ordering child support for the couples only minor child in the amount of $1,100.00 per month plus certain medical care and other benefits. It is appellant's position that the court specifically found that appellee had the ability to pay child support in the amount of $1,300.00 per month. Certainly, it was not error for the trial court to award the amount of $1,100.00 per month child support, under the facts and circumstances of the family and the child involved in this case. The fact that the father, appellee, could have paid more, is meaningless. What the trial court is

supposed to do, with the respect to child support, is to order an amount which the parent is able to pay, commensurate with the standard of living that the family and the child have maintained and is expected to maintain after the divorce.

■ The amount of child support to be ordered in any divorce case is within the sound discretion of the trial court and his ruling on that matter will not be disturbed on appeal unless a clear abuse of discretion is shown. *Woods v. Woods,* 619 S.W.2d 590 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Labowitz v. Labowitz,* 542 S.W.2d 922 (Tex.Civ.App.—Dallas 1976, no writ); *Friedman v. Friedman,* 521 S.W.2d 111 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

Appellant's tenth point of error is overruled.

■ In her twelfth and thirteenth points of error appellant insists that it was error for the trial court to grant injunctive relief which ordered both parties to refrain from harming, harassing or from contacting the other, either at their home or place of business; and from contacting the other by telephone or in person, except for such contact as was necessary concerning visitation with the child. Appellant says that there is neither pleading nor evidence to support the granting of such injunctive relief. These two points are without merit and are overruled.

Appellee pled for such relief in his first amended answer to the second amended petition filed prior to the hearing on the partial new trial. Moreover, a review of the record reveals testimony to the effect that appellant, accompanied on occasion by her daughter and often late at night, drove by his apartment, checking on him, called him many times on the phone, called his mother on many occasions, and also called appellee's employer about his activities. This evidence clearly supports the granting of the injunctive relief and in fact mandates it.

Appellant's fifth, eighth, fourteenth, and fifteenth points of error, while differently worded all maintain that it was error for the trial court to consider his judgment, pronounced orally on May 29, 1981, final as to the granting of the divorce, child custody, and a division of the property. She claims that the principal error of the trial court was in its considering its oral pronouncement divorcing the parties on May 29, 1981, as a final judgment on the issue on the divorce except for appeal purposes. It is her position, and we agree, that in granting a partial new trial on certain community property issues, the trial court rendered its decision on the matter of divorce interlocutory and not final.

■ The trial court apparently based its ruling that the granting of the divorce and the division of the community property was final as of the date of his oral pronouncement of judgment on those issues on May 29, 1981, on Tex.R.Civ.P. 320. That rule states:

New trials may be granted and judgment set aside on motion for good cause, on such terms as the court shall direct. Where it appears to the court that a new trial should be granted on a point or points that affect only a part of the matters in controversy and *that such part is clearly separable without unfairness to the parties,* the court may grant a new trial as to that part only, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested. Each motion for new trial shall be in writing and signed by the party or his attorney.

Under this rule, a court may grant a new trial on certain points so long as *they are clearly separable without unfairness to the parties.* In order to determine what issues are separable, Tex.R.Civ.P. 41 and 174, governing severance and separate trials, must be consulted, as well as Tex.Family Code Ann. § 3.63 (1981).

Rule 174 provides in pertinent part as follows:

(b) Separate Trials.

The court in furtherance of convenience or to avoid prejudice may order a sepa-

rate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues.

A reading of this rule makes it clear that it is for the convenience of the court and to avoid prejudice. Separate trials, under rule 174, involve interlocutory orders determining the claims or issues tried, but there is only one final judgment which is entered after all the claims and issues involved have been tried. An issue that has been tried under rule 174 does not necessarily constitute a complete lawsuit.

■ *Severance* is possible only where the suit involves two or more separate and distinct causes of action. Each of the causes under which the action is severed must be such that the same might be properly tried and determined if it were the only claim in controversy. *Kansas University Endowment Association v. King,* 162 Tex. 599, 350 S.W.2d 11 (Tex.1961). The Supreme Court in that case said: "A severable cause of action may be tried separately under the provisions of Rule 174, but an issue that might properly be the subject of a separate trial is not necessarily severable."

A distinction between separate trials as provided in rule 174 must be made with a severance that is allowed under rule 41, which provides that "any claim against a party may be severed and proceeded with separately." Severance divides a law suit into two or more independent causes, each of which terminates in a separate, final and enforceable judgment. *Kansas University Endowment Association v. King, supra.*

■ The issue of divorce is not severable from the issue of property division under rule 41. See *Angerstein v. Angerstein,* 389 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1965, no writ), where the trial court declined to divide the community property on divorce in order to hear further evidence. In that case the trial court reserved for future order in the same case a ruling on the property issues, and the Court of Civil Appeals held that for this reason there was

no final judgment and dismissed the cause for lack of jurisdiction. It appeared from the record in the *Angerstein* case that the trial court intended in this same cause to hear further evidence on the issues involving community property and to render a further order making a just and equitable division thereof under the provisions of Tex.Rev.Civ.Stat.Ann. art. 4638, the predecessor of Tex.Family Code Ann. § 3.63. The court in *Angerstein* said that unless the community property rights are litigated in the divorce suit, art. 4638 is not applicable in subsequent litigation. *Wade v. Wade,* 295 S.W.2d 939 (Tex.Civ.App.—San Antonio 1956, no writ). The court further said in *Angerstein* that, "Severance, under Rule 41, Texas Rules of Civil Procedure, is proper only where the suit involves two or more separate and distinct causes of action. Each of the causes in to which the action is severed must be such that the same might be tried and determined as if it were the only claim in controversy." *That portion of a divorce suit regarding property rights between the parties is a part of the very divorce suit itself, Burguieres v. Farrell,* 126 Tex. 209, 87 S.W.2d 463 (Tex.1935), and cannot be severed from the divorce action under rule 41. *Pelham v. Sanders,* 290 S.W.2d 684 (Tex.Civ.App.—Texarkana 1956, no writ). Tex.Rev.Civ.Stat.Ann. art. 4638, the statutory provision for judicial division of property in a divorce action, is mandatory, having for its purpose a prevention of a multiplicity of suits. *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299 (Tex.1960); *Pelham v. Sanders, supra.*

In *Pelham,* the trial court entered a judgment of divorce, but deferred a hearing and determination of temporary custody and a division of property until the next term of court. The Texarkana Court of Civil Appeals stated:

Respondents take the position that the judge had the right to sever the community property rights of the parties from the divorce action and base their contention upon the provisions of Rule 174(b), V.A.T.R.C.P. Such contention is untenable. In a suit for divorce and partition of community property the part of the di-

vorce suit regarding property is a part of the divorce suit itself and a trial court is not entitled to sever that part of the suit from the divorce action. *Ex parte Scott,* 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626 Citing *Burguieres v. Farrell,* 126 Tex. 209, 87 S.W.2d 463.

█ It is clear from these authorities that the issue of divorce and the issue of property division are neither separable nor severable under rules 41, 174 or 320. In the event the court seeks to grant a partial new trial on certain property issues, it must either grant a new trial on all issues since they may not be severed, or treat the order granting a divorce as interlocutory and proceed to consider the property issues, or what remains of them, on new trial. Appellee argues that if we agree with the appellant on the issue, that we are holding that rule 320 does not apply to divorce cases. This is not the case at all. The trial court may, under rule 320 separate some of the issues and grant a partial new trial on certain property issues, but if it does so, as above indicated, the order granting the divorce and any other matters is interlocutory and not final. There may of course be only one final judgment in any case, including divorce cases.

*Angerstein* and *Pelham* both cite the mandatory provision of Tex.Rev.Civ.Stat. Ann. art. 4638. This statute has been incorporated into the Texas Family Code under § 3.63, and the courts have been consistent in the construction of the mandatory nature of this provision preventing any severance. Tex.Family Code Ann. § 3.63(a) provides that: "In a decree of divorce or annulment the court *shall* order a division of the estate of the parties in a manner that the court deems is just and right, having due regard for the rights of each party and any children of the marriage." [Emphasis added.]

In *Reed v. Williams,* 545 S.W.2d 33 (Tex. Civ.App.—San Antonio 1976, no writ), on an action for writ of mandamus to compel a trial judge to enter a final judgment in an action for divorce, the Court of Civil Appeals stated:

Sec. 3.63 of the Texas Family Code provides in part that in a decree of divorce, the court *shall* order a division of the estate of the parties. It is well settled that this statutory provision is mandatory and when the jurisdiction of the divorce court is invoked by the pleadings of either spouse, the court must decree a division of the property. *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299 (1960); *Ex parte Scott,* 133 Tex. 1, 123 S.W.2d 306 (1939); *Blancas v. Blancas,* 495 S.W.2d 597 (Tex.Civ.App.—Texarkana 1973, no writ). It has been specifically held that this statutory provision prohibits the trial court from severing the property division from the divorce action. *Angerstein v. Angerstein,* 389 S.W.2d 519 (Tex.Civ.App. —Corpus Christi 1965, no writ); *Pelham v. Sanders,* 290 S.W.2d 684 (Tex.Civ.App. —Texarkana 1956, no writ).

The recent case of *Underhill v. Underhill,* 614 S.W.2d 178 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), lends strong support to our position in this particular matter. This case involved an effort to enforce a property settlement agreement which was signed by the parties on April 8, 1975, and incorporated into the Decree of Divorce signed by the trial court on April 14, 1975, after the court's oral rendition of judgment granting a divorce on February 4, 1975. The court in *Underhill* stated:

In point of error three appellant asserts the trial court erred in finding the effective date of the divorce was the date of signing of the judgment, not the date the judgment was rendered orally by the judge from the bench. Appellant urges the agreement could not be incident to divorce because the divorce was rendered on February 4, 1975, while the property settlement agreement was not signed until April 8, two months later. The divorce decree was signed by the judge on April 14. Because the agreement was not made incident to divorce, appellant states it is thus enforceable upon its face. We find the agreement to be enforceable. *We hold there was no final judgment of divorce until April 14, 1975, when all issues and parties of the case were disposed*

*of.* See *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). It is error for a trial judge to sever the issue of divorce, *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299 (1960), and until the property of the parties has been disposed of no final divorce judgment exists. *In re Johnson,* 595 S.W.2d 900 (Tex.Civ. App.—Amarillo 1980, no writ). *Thus even though the parties were actually divorced as of February 4, 1975, the date the judge orally rendered the judgment, Dunn v. Dunn, 439 S.W.2d 830 (Tex.1969), the judgment was not then final, we hold because the property of the parties had not been disposed of. We hold the date of the final judgment of divorce is controlling in determining whether an agreement is entered into incident to divorce and find that under the facts we are faced with, the property settlement agreement entered into by the parties was entered into incident to divorce. Only after the parties agreed to a property settlement and this agreement was filed with the court and a divorce decree was prepared and signed by the judge, did the divorce become final.*

*Marriage of Johnson,* 595 S.W.2d 900 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.), it was once again held that in divorce cases, a decree failing to dispose of property of the parties is interlocutory and thus not appealable. The court dismissed the appeal because there was not a final judgment since the trial court reserved for future determination the question of division of the community property. In this case, the judgment severed the property issues and recited the finality of the divorce of the finding of the domicile. The court said that because of the division of the property is mandatory and severance of that issue from the remaining divorce issues is prohibited, the judgment is interlocutory, *Reed v. Williams, supra.*

See also *Sanchez v. Sanchez,* 609 S.W.2d 307 (Tex.Civ.App.—El Paso 1980, no writ).

▇ Applying the law of the many cases cited above to the case sub judice we find

and hold that all issues involved were disposed of only after the court rendered its decision on the new trial orally on November 19, 1981, which decision was then embodied in a final judgment signed by the court on January 14, 1982. The oral judgment of November 19, 1981, disposed of all issues and parties and was valid and final, pending only the ministerial act of signing the decree. *Dunn v. Dunn, supra.* By exercising its power to grant a partial new trial under the rules of Civil Procedure, the court rendered the divorce interlocutory and reserved other issues involving community property for later determination. The divorce was interlocutory until the disposition of all issues on November 19, 1981 and the parties remained married up through that date. The judgment was not final and they therefore could not be finally divorced. Since the parties were still married all the applicable community laws in force in the State of Texas applied to any increases or acquisitions of community property from and after May 29, 1981. Since the judgment was interlocutory until November 19, 1981, and since the trial court did grant a partial new trial to consider a division of some of the community property, he should have granted the appellant's request to hear evidence on, consider, and dispose of any and all community property, of whatever nature, that came into the community between May 29, 1981 and November 19, 1981. In failing to do so, the trial court erred.

Appellee cites *McCartney v. McCartney,* 548 S.W.2d 435 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ) and *Horlock v. Horlock,* 593 S.W.2d 743 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), in support of their contention that the oral pronouncement by the trial court on May 29, 1981 was a final judgment of divorce and disposition of the community property. We do not think that those two cases control the disposition of the case sub judice. In *McCartney* the Houston Court of Civil Appeals [1st Dist.] reversed and remanded a divorce case for consideration by the trial court of the matter of the tax liability only of the par-

ties to that divorce case. The opinion discloses that the appellant's counsel, in response to the husband's motion for entry of judgment, directed the court's attention to the fact that the judgment proposed did not dispose of all issues and particularly that it did not determine the parties' tax liability. A similar complaint was again made by the wife in her motion for new trial. There was no showing in this opinion that any other property matters had not been disposed of in the original judgment of the court, nor that either of the parties raised any complaints about the division of the property, except the matter of the tax liability. The court in *McCartney* held that under the circumstances there presented, the trial court erred in refusing to make provision in the judgment for the parties' tax liability. The court also said that in view of the considerable disparity in the earning power of the parties, the trial court could properly have required the husband to assume the wife's liability for taxes or to require reimbursement for taxes paid. *Cole v. Cole,* 532 S.W.2d 102 (Tex.Civ.App.—Dallas 1975, no writ). On a motion for rehearing the court in *McCartney* discussed Tex.R. Civ.P. 434 and specifically stated that a limited new trial is now authorized where there is error in the trial court's judgment as to a part of the matter of controversy and it is clear that such part may be separately determined without prejudice to the rights of the parties. The trial courts have been granted similar authority by amendment of rule 320. The court also specifically stated that the matter of the parties income tax liability is *clearly separable* from the trial court's action in dividing the properties between the parties, and such matter can be determined by the trial court upon further proceedings without unfairness to the parties. The judgment of the trial court was therefore reversed with respect only to the matter of the tax liabilities, and the case was remanded to the trial court with instructions to hear only such additional evidence as may be necessary to effect an appropriate disposition of the parties income tax liability. In *McCartney* there was no contention that all of the

community property had not been disposed of.

*Horlock v. Horlock, supra,* also cited by appellee, in support of his position, does not persuade us that the oral judgment of May 29, 1981 in this case was a final rendition of judgment of divorce and division of the community property. In *Horlock,* the question was whether a judgment rendered December 12, 1974 was superseded by a subsequent judgment of January 6, 1975. The court there held that all the parties and all the issues before the court were disposed of by the November 4, 1974 judgment and that the January 6, 1975 judgment only added something that was inadvertently left out of the original judgment and that it conformed to the oral pronouncement rendered by the court on November 4, 1974. We do not think that *Horlock* is contrary to our disposition in this case.

Appellant's points of error numbers five, eight, fourteen and fifteen are therefore sustained and the cause is remanded to the trial court with instructions to reopen the trial and to hear evidence not only of the matters considered in November of 1981, but also any and all other additions to or changes in community property accruing to the community estate between May 29, 1981, and November 19, 1981. The matters of divorce, child custody, and division of community property up to the date of May 29, 1981, need not be reconsidered.

Points of error numbers two, three, four, six, seven, nine, and eleven all attack the distribution and division of the community property of the parties on the ground that the division was unequal in favor of the husband and constituted an abuse of the discretion on the part of the trial court. Since we are remanding this case for further consideration of any additions to or changes in the community estate of the parties between the dates of May 29, 1981, when the original judgment was orally pronounced from the bench, and November 19, 1981, when a final judgment disposing of all issues in this case was orally pronounced from the bench, we are unable to make a final ruling as to whether or not the divi-

sion of the community estate was fair and just and whether or not the trial court did abuse his discretion in such division. That question, therefore, must be reserved until the entire matter of the division of the community estate of the parties hereto is decided at a later date by the trial court, in accordance with this opinion. If we were to rule on these points of error regarding the division of the property made by the trial court on May 29, 1981, it is possible that that decision would have to be changed after new evidence regarding additions to or changes in the community property is heard.

The judgment is affirmed in part and reversed and remanded in part, with instructions.