**Barbara Ann HURD Appellant,**

v.

**Marie MAXWELL Appellee.**

**No. 11–88–186–CV.**

Court of Appeals of Texas, Eastland.

Dec. 8, 1988.

Thomas M. Goff, San Angelo, for appellant.

David Adkins, Bradbury, Tippen, Rollins, Adkins & Hamilton, Abilene, for appellee.

## OPINION

McCLOUD, Chief Justice.

On April 13, 1988, the trial court signed a divorce decree dissolving the marriage between Barbara Ann Hurd and James Robert Hurd. The court appointed Marie Maxwell, the paternal grandmother, managing conservator of Jennifer Rene Hurd, the child of Barbara and James Hurd. The mother and father of the child were appointed possessory conservators with "reasonable visitation" rights. The mother filed a motion for new trial. On June 24, 1988, the trial court entered an order granting a new trial "solely on the issue of the Possessory Conservators' rights of possession of the child."

The mother appeals urging that the trial court erred in failing to grant a new trial on the issue of conservatorship. We dismiss the appeal because a final judgment was not entered.

An appeal, with certain statutory exceptions, may be prosecuted only from a final judgment which disposes of all issues and parties. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex. 1966).

The trial court, pursuant to TEX.R. CIV.P. 320,[1] granted a new trial only on the issue of the possessory conservators' rights to possession of the child.

In *Vautrain v. Vautrain,* 646 S.W.2d 309 (Tex.App.—Fort Worth 1983, writ dism'd), the court, while discussing the rule that the issue of divorce and the issue of property division are neither separable nor severable, stated:

> The trial court may, under Rule 320 separate some of the issues and grant a partial new trial on certain property issues, but if it does so, as above indicated, the

order granting the divorce and any other matters is interlocutory and not final. *There may of course be only one final judgment in any case, including divorce cases.* (Emphasis added)

After granting the partial new trial, the trial court did not sever the issue of the conservators' possessory rights from the other issues in the case. See TEX.R. CIV.P. 41.

The mother attempts to appeal a nonappealable interlocutory order. The appeal is dismissed.

---

1. Rule 320 provides in part:
   When it appears to the court that a new trial should be granted on a point or points that affect only a part of the matters in controversy and that such part is clearly separable without unfairness to the parties, the court may grant a new trial as to that part only.